UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03654-RGK-PJW | Date | July 28, 2020 |
|---|---|---|---|
| Title | ***ABITBOL v. HOMELINK, LLC*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Sunnova and HomeLink's Motion to Dismiss (DE 18)

## I. INTRODUCTION

On April 21, 2020, David Abitbol ("Plaintiff") filed a putative class action against HomeLink, LLC ("HomeLink") and Sunnova Energy Corp. ("Sunnova") (collectively, "Defendants"). Plaintiff asserts one claim against both Defendants: violation of 47 U.S.C. § 227(b), the Telephone Consumer Protection Act (TCPA).

Presently before the Court is Sunnova's Motion to Dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(2) and failure to state a claim under Rule 12(b)(6), joined by HomeLink.[1]

Sunnova filed the instant motion on June 12, 2020. The hearing date was originally set for July 27, 2020. On June 15, 2020, the Court advanced the hearing date to July 20, 2020. Under the Central District's Local Rule 7-9, Plaintiff's last day to file and serve an opposition was on June 29, 2020. Plaintiff failed to file an opposition by the deadline.[2] Because Plaintiff failed to oppose, the Court rules on the motion considering only Sunnova's moving arguments. For the following reasons, the Court **GRANTS** the Motion.

## II. FACTUAL BACKGROUND

Plaintiff alleges the following in his Complaint:

On February 27, 2020, Plaintiff received a telemarketing call from HomeLink on behalf of Sunnova. When Plaintiff answered, there was a clicking sound and a pause before an agent joined the call. This click and pause are characteristic of an automatic telephone dialing system, the use of which is banned by the TCPA. HomeLink had contracted with Sunnova to promote Sunnova's services, and

---

[1] As explained below, HomeLink only joins as to Sunnova's Motion under Rule 12(b)(6).
[2] Plaintiff attempted to file an untimely amended complaint on July 6, 2020. As made clear in the Standing Order, however, Plaintiff could only file an amended complaint in lieu of an opposition by the date that the opposition was due. Accordingly, the Court struck the amended complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03654-RGK-PJW | Date | July 28, 2020 |
|---|---|---|---|
| Title | ***ABITBOL v. HOMELINK, LLC*** | | |

Sunnova knew that HomeLink was using an illegal automated system, but allowed HomeLink to continue using it.

### III.    JUDICIAL STANDARD

#### A.    Rule 12(b)(2)

When a defendant seeks dismissal of an action for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of demonstrating that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). When the motion to dismiss is evaluated without an evidentiary hearing, the plaintiff need only make a prima facie showing to survive dismissal. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). Accordingly, the court only "inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n.*, 59 F.3d 126, 128 (9th Cir. 1995.) "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Further, "conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*

#### B.    Rule 12(b)(6)

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03654-RGK-PJW | Date | July 28, 2020 |
|---|---|---|---|
| Title | ***ABITBOL v. HOMELINK, LLC*** | | |

**IV.   DISCUSSION**

Sunnova argues that Plaintiff's claims against it should be dismissed because Plaintiff fails to allege an agency relationship and thereby fails to both establish personal jurisdiction and state a claim against it. Further, both Sunnova and HomeLink argue that Plaintiff's Complaint should be dismissed in its entirety because he fails to plausibly allege that HomeLink used an automatic telephone dialing system.

As discussed below, Plaintiff fails to rebut Sunnova's declaration disputing the existence of an agency relationship, thereby failing to establish personal jurisdiction. Ordinarily, after finding that it lacks jurisdiction, the Court would not need to assess Sunnova's alternate arguments under Rule 12(b)(6). However, because the Court's 12(b)(2) ruling is made absent an opposition, for the sake of thoroughness, the Court addresses the Rule 12(b)(6) motion as it pertains to both HomeLink and Sunnova.

**A.   Sunnova's Motion to Dismiss Under Rules 12(b)(2) and 12(b)(6)**

Based on the Complaint, none of the alleged illegal conduct was directly undertaken by Sunnova. Therefore, Plaintiff may establish personal jurisdiction and vicarious liability only if it can establish that Sunnova and HomeLink had an agency relationship. Sunnova argues that Plaintiff fails to establish such a relationship under either Rule 12(b)(2)'s evidentiary standards or Rule 12(b)(6)'s pleading standards. Thus, Plaintiff's claim should be dismissed for both lack of personal jurisdiction and failure to state a claim. The Court agrees on both counts.

   1.   *Personal Jurisdiction Under Rule 12(b)(2)*

A district court "may exercise either general or specific personal jurisdiction over non-resident defendants." *Fed. Deposit Ins. Corp. v. British-Am Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987). The Court addresses both in turn.

   i.   *General Jurisdiction*

A corporation is typically subject to general jurisdiction in its place of incorporation or principal place of business. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

California is neither Sunnova's place of incorporation nor principal place of business. (Delaney Decl. ¶ 2, ECF No. 18.) Accordingly, Sunnova is not subject to general jurisdiction in California.

   ii.   *Specific Jurisdiction*

The Ninth Circuit employs a three-part test to determine whether the defendant has sufficient minimum contacts with a forum to establish specific jurisdiction: (1) the defendant must purposefully

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03654-RGK-PJW | Date | July 28, 2020 |
|---|---|---|---|
| Title | ***ABITBOL v. HOMELINK, LLC*** | | |

direct its activities or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's law; (2) the plaintiff's claim must arise out of or result from defendant's forum-related activities; and (3) the court's exercise of personal jurisdiction must comport with fair play and substantial justice (i.e., reasonableness). *Schwarzenegger*, 374 F.3d at 802.

Plaintiff does not allege that he had any direct contact with Sunnova. Instead, Plaintiff's Complaint suggests that the Court has personal jurisdiction over Sunnova because HomeLink's alleged actions directed at California, namely its telemarketing calls, may be imputed to Sunnova through an agency relationship. While it is well-settled that an agency relationship may be used to establish a party's vicarious liability, it is unclear whether and how such a relationship may be used to establish personal jurisdiction following the Supreme Court's decision in *Daimler*. *Castillo v. Caesars Entm't Corp.*, No. 18-cv-05781-EMC, 2018 WL 6199682, at *2 (N.D. Cal. Nov. 28, 2018). Despite this uncertainty, district courts have continued to permit plaintiffs to use an agency relationship to establish personal jurisdiction. *See, e.g., id.*

Plaintiff alleges in his Complaint that "HomeLink was contractually required to promote Sunnova's services," "Sunnova knew that HomeLink was" using an automatic telephone dialing system, "Sunnova manifested assent . . . that [HomeLink] shall act on [its] behalf," and "Sunnova had day-to-day control over HomeLink's actions." (Compl. ¶¶ 41, 42, 45, 48, ECF No. 1.) Sunnova disputes each of these allegations in the Delaney Declaration submitted alongside the instant motion. (*See* Delaney Decl.) Plaintiff has failed to oppose the instant motion, and likewise fails to provide any declarations or evidence that rebut Sunnova's declaration.

Accordingly, the Court finds that Plaintiff fails to establish an agency relationship and thereby fails to establish personal jurisdiction over Sunnova.

2. *Failure to State a Claim Under Rule 12(b)(6)*

Plaintiff does not allege that Sunnova violated the TCPA. Rather, Plaintiff alleges that HomeLink violated the TCPA while acting as Sunnova's agent, thus Sunnova is vicariously liable. This theory fails.

Not only does Plaintiff fail to dispute Sunnova's contentions in the Delaney Declaration, Plaintiff fails to provide any factual support for the alleged agency relationship within the Complaint itself. Each of Plaintiff's allegations regarding Sunnova's and HomeLink's relationship do little more than track the language provided by the Restatement (Third) of Agency. No factual allegations are given that support any of Plaintiff's conclusory claims that Sunnova had any contact with HomeLink, let alone knowledge of or control over its actions. In this manner, Plaintiff's claim against Sunnova rests on "threadbare recitals of the elements." *See Iqbal*, 556 U.S. at 678.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03654-RGK-PJW | Date | July 28, 2020 |
|---|---|---|---|
| Title | ***ABITBOL v. HOMELINK, LLC*** | | |

Accordingly, the Court finds that Plaintiff fails to plead an agency relationship and thereby fails to state a claim against Sunnova. Thus, both Rules 12(b)(2) and 12(b)(6) warrant dismissal.

### B. Sunnova and HomeLink's Motion to Dismiss Under Rule 12(b)(6)

Sunnova and HomeLink argue that the Complaint should be dismissed in its entirety under Rule 12(b)(6) because Plaintiff fails to plausibly allege that HomeLink used an automatic telephone dialing system (ATDS). The Court agrees.

47 U.S.C. § 227(b) of the TCPA prohibits the use of an ATDS to initiate any phone call without the prior express consent of the called party unless the call is initiated for emergency purposes. An ATDS is equipment that has the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." *Id.* § 227(a).

Plaintiff alleges that HomeLink used an ATDS when it called him on February 27, 2020, because he "heard a clicking sound and there was a pause until an agent joined the call." (Compl. ¶ 21–22.) Plaintiff provides no further factual allegations that support leaping to this conclusion, however. Plaintiff concedes in the Complaint that the call was not pre-recorded, as the Plaintiff notes that an "agent" was on the other end of the call. (*See id.*) Plaintiff does not allege that that he or anyone else received other calls that had an identical "click" and "pause" that would allow the Court to reasonably infer that HomeLink must have used an ATDS rather than simply had a poor connection. "Without more, one phone call and one pause do not support a shift from speculation to plausibility, as required under the pleading standard." *Smith v. Aitima Med. Equip., Inc.*, No. 16-00339-AB (DTBx), 2016 WL 4618780, at *6 (C.D. Cal. July 29, 2016).

Accordingly, Plaintiff fails to meet his burden to plausibly allege facts to state his claim under the TCPA against both Defendants.

### V. LEAVE TO AMEND

Rule 15(a)(2) allows a party to amend its pleading with the court's leave and provides that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy should be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). However, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment" may require a district court to deny leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

As noted above, Plaintiff failed to oppose the instant motion. However, Plaintiff attempted to file an untimely amended complaint well after he had the opportunity to review Defendants' Motion. Therefore, the proposed amended complaint may be deemed Plaintiff's best attempt at stating a claim knowing Defendants' challenges.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03654-RGK-PJW | Date | July 28, 2020 |
|---|---|---|---|
| Title | ***ABITBOL v. HOMELINK, LLC*** | | |

Upon review of the proposed amended complaint, Plaintiff has failed to address any of the deficiencies identified herein. Plaintiff's proposed amended complaint still rests on the same insufficient allegation that he received a call with a "click" and "pause." Although he adds two new defendants, Lead Genesis Partners, LLC, and Green Day Power, Corp., he now alleges, without factual support, an even more complicated and implausible series of agency relationships, wherein Sunnova hired Green Day, who hired HomeLink, who hired Lead Genesis to ultimately make the allegedly illegal phone call. Each of the grounds for dismissal discussed above would warrant dismissal of the proposed amended complaint in its entirety. Thus, it appears that Plaintiff is unable to overcome Defendant's challenges.

Accordingly, the Court finds that amendment is futile and denies leave to amend.

## VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS with prejudice** the Motion to Dismiss. Plaintiff's Complaint is dismissed in its entirety.

**IT IS SO ORDERED.**

Initials of Preparer